An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE PEREZ-RUIZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65979

**FILED**

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from an order of the district court denying a motion to withdraw guilty plea.[1] Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

In his motion, filed on February 28, 2014, appellant challenged the validity of his guilty plea. This court has recently held that a post-conviction petition for a writ of habeas corpus is the exclusive remedy to challenge the validity of a plea after sentencing and that a post-sentencing motion to withdraw a guilty plea should be construed as a post-conviction petition for a writ of habeas corpus. *See Harris v. State*, 130 Nev. ___, ___, 329 P.3d 619, 628 (2014). NRS Chapter 34 bars petitions that are successive, abusive, and/or are filed more than one year after the filing of the judgment of conviction where no direct appeal was taken, unless the petitioner can demonstrate good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(2), (3).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34435

Here, the district court considered appellant's claims without regard to the procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory."). As discussed in *Harris*, the district court should have construed appellant's motion as a post-conviction petition for a writ of habeas corpus and then permitted appellant a reasonable time period to cure any defects with respect to the procedural requirements of NRS Chapter 34. *See* 130 Nev. at ___, 329 P.3d at 628. We reverse the decision of the district court and remand for the district court to construe the motion as a post-conviction petition for a writ of habeas corpus and to provide appellant an opportunity to cure any defects within a reasonable time period as set by the district court. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[2]This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.

cc: Hon. Janet J. Berry, District Judge
Jose Perez-Ruiz
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk